[Civ. No. 4147. First Appellate District, Division One.—February 11, 1922.]

ELIZABETH LEBUS BERRY, Appellant, v. BERTHA LEBUS et al., Defendants; THE TITLE INSURANCE AND TRUST COMPANY (a Corporation), as Trustee, etc., Respondent.

[1] TRUSTS—DURATION—VESTING OF REMAINDER IN HEIRS—SUSPENSION OF POWER OF ALIENATION.—A trust deed which declares that a one-quarter interest in the property of the trustor shall, upon the death of the *cestui que*, pass to and vest in the children of the latter and to the issue of any deceased child, is valid, whether the child be born before or after the creation of the trust, the absolute power of alienation not being suspended beyond the period permitted by the provisions of section 715 of the Civil Code.

[2] ID.—RECEIPT OF BENEFITS AT SPECIFIED AGES — BENEFITS CONDITIONED UPON EXISTENCE.—The power of alienation is not suspended beyond the lives of persons in being by a provision in a trust deed directing that the *corpus* of the property shall be periodically and in specified proportions delivered to the children of the *cestui que* after her death, upon their arriving at the ages of twenty-five, thirty, and thirty-five years, the effect of such provision being merely that, as to the children of the *cestui que* in being at the creation of the trust, they shall receive the benefits provided for them if and only so long as they shall live.

[3] ID.—TERMINATION OF TRUST UPON DEATH OF LAST SURVIVOR OF LIVES IN BEING—CONSTRUCTION OF TRUST.—Such a trust deed will not be held invalid because of the fact that, as to any child born to the *cestui que* after the creation of the trust, such child might not arrive at the age designated for the payment or delivery to it of some portion of the property before all lives in being at the creation of the trust had become extinct, where such deed further provides that it is distinctly understood that it is not the intent thereof "to create a trust extending beyond lives in being," and then provides for the determination of the trust and distribution of the principal upon the death of the last survivor of the persons then in being.

[4] ID.—AMBIGUITY IN INSTRUMENT—CONSTRUCTION.—In a case of ambiguity or inconsistency in such an instrument, the law favors a construction which will cause the gifts to vest if the opposite construction will render the instrument void.

[5] ID.—TRUST TO MAKE DISTRIBUTION — CONSTRUCTION. — A trust which directs that the trustee, upon the termination of the trust,

"distribute" the property in its possession to the persons entitled thereto, and in the event of the trust continuing until the beneficiaries reach the several ages designated in the trust deed, that their respective shares shall be "delivered" by the trustee to them, is not a trust to convey but simply to make distribution.

[6] ID.—VALIDITY OF TRUST TO CONVEY.—A trust to convey, created subsequent to the amendment in 1913 of section 857 of the Civil Code, is not invalid.

APPEAL from a judgment of the Superior Court of Los Angeles County entered after the sustaining of a general demurrer without leave to amend. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cooper, Collings & Shreve for Appellant.

O'Melveny, Millikin & Tuller for Respondent.

KERRIGAN, J.—The complaint alleges that the plaintiff is the daughter of Martha C. Lebus, deceased; that her maiden name was Elizabeth Lebus; that formerly she was the wife of C. S. Holman, but subsequently married Thomas H. Berry; that she has two children, one being of the age of seventeen years and the other of the age of fourteen; that Martha C. Lebus died intestate in the city of Los Angeles in September, 1918, leaving as her only heirs at law said plaintiff and defendants Bertha Lebus, Orrie Lebus, and Clarence Lebus; that Bertha Lebus is the duly qualified and acting administratrix of the estate of the deceased. It further appears from said complaint that the deceased was, and her heirs at law now are, the owners and entitled to the possession of the property affected by the present litigation; that on the twenty-second day of September, 1917, Martha C. Lebus devised a plan for the creation of a trust in said property to endure beyond the lives in being at its creation and affected thereby, contrary to the provisions of section 715 of the Civil Code; that on the twenty-second day of September, 1917, said Martha C. Lebus executed to the defendant, the Title Insurance and Trust Company, a declaration of trust upon said property and which is described in the

complaint; that under the terms thereof upon her death said property was to vest in Bertha Lebus, Elizabeth L. Holman, Orrie Lebus, and Clarence Lebus, and in the event of the death of any of these prior to such vesting, except in the case of Elizabeth L. Holman, the interest of the one so deceased was to pass to her issue; or, if no issue, then to his devisees or legatees, or, in case of intestacy, then to those entitled to take under the laws of succession then in force in the state of California.

Paragraph VII of the said trust is in part as follows:

"Should said Elizabeth L. Holman not be living at the date of the death of Martha C. Lebus during the life of this trust, as aforesaid, or upon the death of said Elizabeth L. Holman after the vesting in her of said one-fourth of said trust estate, then said interest of said Elizabeth L. Holman in and to said trust estate shall thereupon pass to and vest in the children of said Elizabeth L. Holman, share and share alike—the issue of any child of said Elizabeth L. Holman, deceased, to take the share of the parent by right of representation, *per stirpes* and not *per capita*, or if there be no such issue of such deceased child of said Elizabeth L. Holman, then such share of such deceased child shall pass to and vest in the other children . . . of said Elizabeth L. Holman, share and share alike; and in the event there be no child or issue of child of said Elizabeth L. Holman to take said share of said Elizabeth L. Holman in and to said trust estate, then said share shall pass to and vest in the heirs at law of said Martha C. Lebus, ascertained by and in the proportions to which they would then be entitled by the laws of succession then in force in the state of California; each such vesting to be subject, however, to all of the terms and provisions hereof."

Paragraph XII of said trust instrument reads as follows:

"The shares of said trust estate hereunder (if any) vesting under the terms hereof in child or children of said Elizabeth L. Holman or issue of child or children of said Elizabeth L. Holman, as hereinbefore provided under section VII hereof, shall be held hereunder and delivered by said trustee as follows:

"$60,000.00 — preferably in money or securities—shall thereupon or as soon thereafter as available under this trust

(said trustee being authorized to sell property then held hereunder to obtain such sum) be set aside by said trustee and held hereunder until the date of the death of the last survivor of children now in being of said Elizabeth L. Holman; said sum to be invested and reinvested under the terms hereof during such period, and the net income arising therefrom paid to the children, or issue of deceased child or children of said Elizabeth L. Holman entitled thereto as hereinbefore provided under said section VII.

"And the remainder of said shares first mentioned in this section shall be held by the said trustee hereunder for the persons entitled thereto, for payment of the net income arising therefrom to such persons as their interests from time to time appear; and delivery of the principal of each such share shall be made by said trustee as follows:

"One-third of the principal of each such share so having vested in a child of said Elizabeth L. Holman shall be delivered by said trustee to such child when such child shall have reached the age of twenty-five (25) years; one-third thereof when such child shall have reached the age of thirty (30) years; and one-third thereof when such child shall have reached the age of thirty-five (35) years."

Paragraph XV of said deed of trust is as follows:

"It is distinctly understood that it is not the intent hereof to create a trust extending beyond lives in being; therefore, in any event, upon the death of the last survivor of persons herein mentioned now in being, this trust shall cease and determine, and distribution of the principal of the entire net trust estate then held hereunder shall thereupon be made by said trustee to the persons or person then entitled thereto under the terms hereof."

[1] So far as this trust declares that a one-quarter interest in the property of Martha C. Lebus shall, upon the death of Elizabeth L. Holman, pass to and vest in the children of the latter and to the issue of any deceased child, it is valid whether the child be born before or after the creation of the trust, for as to this disposition the absolute power of alienation is not suspended beyond the period permitted by the provisions of section 715 of the Civil Code, the trust declaring that the property shall pass to and vest in the children and grandchildren of Elizabeth upon her death.

[2] Nor, as claimed by counsel for the plaintiff, is the power of alienation suspended beyond the lives of persons in being by paragraph XII of the trust deed, directing that the *corpus* of the property shall be periodically and in specified proportions delivered to the children of Elizabeth after her death upon their arriving at the ages of twenty-five, thirty, and thirty-five years, for as to children of Elizabeth in being at the creation of the trust the effect of this paragraph is merely that they shall receive the benefits provided for them if and only so long as they shall live; so, as to this feature of the case it cannot be seriously argued that there is any restraint on the power of alienation beyond the permitted duration.

[3] But it is argued by counsel for plaintiff that as to any child born to Elizabeth L. Holman after the creation of the trust (and who would be entitled to take benefits under it), such child might not arrive at the age designated for the payment or delivery to it of some portion of this property before all lives in being at the creation of the trust had become extinct, in which event there would arise a period of time during which the restraint on alienation was attempted to be exercised beyond the duration of such lives in being.

Conceding this to be true, the result claimed by the plaintiff does not follow therefrom. This situation is precisely the one designed to be met by paragraph XV above set out. The effect of said paragraph is to direct that, in the event that any beneficiary shall, at the death of the last of the lives in being at the creation of the trust, not yet have reached an age entitling him under paragraph XII to receive the whole of the proportion of the trust property given to him, the provision in question of paragraph XII shall then be disregarded, final distribution made and the entire trust come to an end. Reading the trust instrument as a whole it is plain that there is a clear and emphatic intention not to suspend the absolute power of alienation beyond the period provided by law; and that the operation of any provision of the trust which might otherwise have this effect is curtailed and controlled by said paragraph XV.

[4] This construction of the instrument is supported by the authorities. Section 3541 of the Civil Code provides: "An interpretation which gives effect is preferred to one

which makes void." As said by the supreme court in *Phelps' Estate,* 182 Cal. 752 [190 Pac. 17], "In a case of ambiguity or inconsistency the law favors a construction which will cause the gifts to vest if the opposite construction will render it void." (See, also, Chaplin on Suspension, secs. 178, 223, 515; Gray on Perpetuities, sec. 633; Civ. Code, secs. 1317, 1326.)

[5] The trust is not one to convey but simply to make distribution. Upon the termination of the trust the trustee is directed to "distribute" the property in its possession to the persons entitled thereto, and in the event of the trust continuing until the beneficiaries reach the several ages indicated, then it is provided that their respective shares shall be "delivered" by the trustee to them. It is nowhere provided in the deed that the title vested in the trustee shall be conveyed to the beneficiaries. [6] However, even if it could be properly said to be a trust to convey, it would not be invalid, for it was created in September, 1917, and section 857 of the Civil Code was amended in 1913 so as to provide that an express trust may be created "To convey, partition, divide, distribute or allot real property in accordance with the instrument creating the trust, subject to the limitations of the same title." This amendment being in effect at the date of the declaration of trust, it follows that even if it could be held to be one to convey, it would nevertheless be valid.

The complaint was clearly drawn to attack the validity of the trust, and there is no force in the suggestion of the appellant that the complaint states a cause of action to quiet title, and therefore the general demurrer should have been overruled.

Judgment affirmed.

Richards, J., and Tyler, P. J., concurred.