[Civ. No. 4315. Fourth Dist. Apr. 25, 1951.]

Estate of Z. S. LEYMEL, Deceased. ANNA RAKOCZY et al., Appellants, v. FRESNO COUNTY HUMANE SOCIETY et al., Respondents.

Harold A. Parichan for Appellants.

John A. Willey, David E. Peckinpah, George J. Roth and Iener W. Nielsen for Respondents.

MUSSELL, J.—Z. S. Leymel died May 9, 1947. He had executed a will on April 25, 1947. The will was admitted to probate and letters testamentary were issued to Marie Holdridge, executrix, on May 27, 1947. The decedent was survived by a sister, Anna Rakoczy, and three nephews, Ralph Rakoczy, Harold Rakoczy and Charles Beckwith, who are the only known living heirs at law of the decedent and are the appellants here.

Under the third paragraph of the will a life estate in certain real and personal property was given to said Marie Holdridge, with the remainder over to the Fresno County Humane Society, a charitable institution, provided, however, that if the Fresno County Humane Society was not in existence at the death of said Marie Holdridge, the remainder over would not lapse but would pass to Fresno State College. Under the fourth paragraph, certain specific bequests of personal property were made to the Fresno County Humane Society and to the Fresno County Library. In the sixth paragraph a life estate in certain real property was granted to Marie Holdridge with the remainder over to Homer Blevins Chapter No. 1 of the Disabled American Veterans. Under the seventh paragraph, Marie Holdridge received 60 per cent of certain specific personal property. Specific gifts of a 10 per cent interest in said property for each of testator's heirs were made to testator's sister, Anna Rakoczy, his nephew, Ralf Rakoczy, and his nephew, Charles Beckwith, with the further provision that if said Anna Rakoczy should predecease the testator, her gift would pass to Marie Holdridge. The tenth paragraph of the will reads as follows: "All the rest, residue and re-

mainder of my property I hereby give, devise and bequeath to Marie Holdridge.''

The appellants filed a petition for construction of the will and to determine heirship. Marie Holdridge died on the 26th day of November, 1949, before completion of the administration of the estate and letters of administration were issued to the public administrator of Fresno County.

On March 20, 1950, the trial court made its order that the gifts, devises and bequests contained in paragraphs numbered third, fourth and sixth of the will are valid and legal and that in the distribution of said estate, said devisees and legatees are entitled to the respective portions in said paragraphs set forth.

Appellants contend that since the testator died within 30 days after executing the will, the charitable bequests mentioned in paragraphs third, fourth and sixth thereof should have been distributed to them. We find no merit in this contention.

Sections 41 and 42 of the Probate Code provide:

''Section 41. Restrictions. (*Time of executing will: Amount of gifts: Passage of property given contrary to law.*) No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.

'' (*Section not deemed to vest property in relative.*) Nothing

herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."

"Section 42. Exemption of certain bequests and devises. Bequests and devises to or for the use or benefit of the State, or any municipality, county or political subdivision within the State, or any institution belonging to the State, or belonging to any municipality, county or political subdivision within the State, or to any educational institution which is exempt from taxation under section 1a of Article XIII or section 10 of Article IX of the Constitution of this State and statutes enacted thereunder, or for the use or benefit of any such educational institution, or made by a testator leaving no spouse, brother, sister, nephew, niece, descendant or ancestor surviving by whom the property so bequeathed or devised would have been taken if said property had not been so bequeathed or devised, are excepted from the restrictions of this article."

It is apparent that appellants are not mentioned either as substitutional or residuary beneficiaries in the will and that they cannot take under the laws of succession because the residuary clause otherwise disposes of all the rest, residue or remainder of decedent's property. (*Estate of Davis,* 74 Cal. App.2d 357, 362 [168 P.2d 789].)

As was stated in *Estate of Haines,* 76 Cal.App.2d 673 679 [173 P.2d 693] :

"Accordingly, it may be stated that generally speaking a testamentary gift to charity is valid, even though made within 30 days of the testator's death; however, such a gift may nevertheless be avoided at the instance of an aggrieved heir of ·a designated class, but such heir is not aggrieved unless he would have been entitled to take the property had it not been willed to charity, as in a case where the will provides an alternative disposition to one other than the heir."

And as was said in *Estate of Randall,* 86 Cal.App.2d 422, 426 [194 P.2d 709] :

"Under the direct provisions of section 41, the only living persons who can object to the charitable gift here under discus-

782

sion are a brother and two nephews of testatrix, appellants herein. But such persons, by the language of that section, take the property only 'if and to the extent that they would have taken said property as aforesaid, but for such devises or legacies (to charity); *otherwise the testator's estate shall go in accordance with the will and such devises and legacies shall be unaffected.'* (Italics added.) And to make it doubly sure that the language should not be misunderstood, the section then provides that '(n)othing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity . . . in any person who is not a relative of the testator belonging to one of the classes mentioned above, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will.' "

Under the circumstances shown by the record, appellants are not in a position to have the charitable bequests contained in the will set aside.

Order affirmed.

Barnard, P. J., and Griffin, J., concurred.