108 Cal.App.2d 44 (1951)
Estate of MAURICE GORCHAKOFF, Deceased. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES, Respondent,
v.
BENJAMIN GORCHAKOFF, Appellant.
Civ. No. 18718. 
California Court of Appeals. Second Dist., Div. Two. 
Dec. 6, 1951.
 Thomas Morris and Albert E. Coger for Appellant.
 Hugh Ward Lutz for Respondent.
 McCOMB, J.
 This appeal is from a decree of distribution holding valid a residuary trust created by the will of decedent.
 Maurice Gorchakoff died March 31, 1950, aged 71 years, leaving a will dated March 6, 1947. Surviving him were his two heirs at law, his daughter, Mrs. Beatrice G. Leader, and a son, Benjamin Gorchakoff. Mrs. Leader has had no issue while Benjamin Gorchakoff has two daughters, Gloria and Marlene, and a son, Robert.
 The estate was of the appraised value of $65,006.90. The will provided in part as follows:
 "FIFTH: I give, devise and bequeath all of the rest, residue, and remainder of my estate, both real and personal and wheresoever situate, including all lapsed legacies, to Security-First National Bank of Los Angeles, a national banking association, in trust, to hold, manage and distribute, as hereinafter provided:"
 "(1) To collect the principal and interest of the trust estate, invest and reinvest the same; to pay, accumulate, use and manage the income, and to use, manage and invest the principal and income, as hereinafter provided:"
 "(2) All income shall be added to and become principal."
 "(3) The Trustee shall pay out of the principal so accumulated the sum of $150.00 per month to my daughter, Beatrice G. Leader, for life. If my daughter shall predecease me, or shall die after the creation of this trust, leaving issue, her surviving, said sum of $150.00 per month shall be paid in equal shares to said issue until the youngest of such issue shall have reached the age of 21 years, at which time said payments shall terminate. If in the discretion of the Trustee the sum of $150 shall be insufficient to provide my said daughter or her said issue her surviving with reasonable care in case of illness or accident, the Trustee may pay to, apply or expend for the care of my said daughter or of her issue her *46 surviving and entitled to take hereunder so much of the principal as the Trustee may deem advisable."
 "(4) Notwithstanding any other provision herein, this trust shall terminate on the death of the survivor of my daughter and of her issue living at the date of my death, and the Trustee shall distribute one-half of the corpus of said estate to the issue of my daughter by right of representation, and the remaining one-half thereof to the following named institutions or charities in the following per cents, provided, however, that if my said daughter shall leave no issue her surviving the entire trust estate shall be distributed to the following named institution or charities in the following per cents:"
 "40% to Mount Sinai Hospital and Clinic of Los Angeles, California;"
 "40% to Los Angeles Sanatorium and Consumptive Relief Association of Los Angeles at Duarte, California;"
 "20% to Hebrew Free Loan Association of Los Angeles, California."
 The probate court held the trust valid and reserved jurisdiction as to the amount to go to charity.
 [1] Questions: First: Did the will violate the rule against perpetuities as set forth in sections 715, 716 and 724 of the Civil Code?
 No. Where the meaning of any part of a will is ambiguous or doubtful, it may be explained by any reference thereto in another part of the will, and the parts of a will are to be construed in relation to each other and so as, if possible, to form one consistent whole. (Prob. Code, 103.)
 Applying this rule the will read in part as follows, "Notwithstanding any other provision herein, this trust shall terminate on the death of the survivor of my daughter and of her issue living at the date of my death; ..."
 The trust came into existence upon the death of decedent. Therefore under the provisions of the will above quoted it was to terminate in any event upon the death of a person in being at the time of the creation of the trust. Therefore it did not violate the rule against perpetuities.
 The case is analogous to situations which obtained in Berry v. Lebus, 56 Cal.App. 378, 381 et seq. [205 P. 471], and Estate of Hale, 75 Cal.App.2d 227, 234 [3] [170 P.2d 961].
 [2] Second: Did the will violate section 41 of the Probate *47 Code [fn. *] in that it awarded to charity more than one third of the estate?
 No. The probate court expressly reserved jurisdiction to determine at a later date the amount to be awarded to charity. Therefore since at the present time it is impossible to determine whether or not such charitable bequest will be in excess of one third of the value of the distributable assets of decedent or of the property of the estate, it should be distributed to the trustee for the purposes of the trust, reserving, as the probate court did, the matter of future distribution until the termination of the trust so far as the charitable bequest is concerned. (Estate of Campbell, 175 Cal. 345, 351, 352 [165 P. 931].)
 Affirmed.
 Moore, P. J., concurred.
 "No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected. ..."
NOTES
[fn. *] *. Section 41 of the Probate Code reads: