[Civ. No. 8807.   Third Dist.   Apr. 10, 1956.]

Estate of HARRY O. BROWN, Deceased. LYDIA H. BROWN, Appellant, v. WINNIE DORNER et al., Respondents.

Weis & Weis for Appellant.

Gerald L. Shannon and J. Clark Benson for Respondents.

VAN DYKE, P. J.—This is an appeal from a decree settling the final account of the executors and ordering distribution of the entire estate of Harry O. Brown, deceased, to Winnie Dorner and Henry Dorner, or the survivor of them, as trustees.

Appellant is the aged mother and sole heir of the deceased whose will, which was admitted to probate, provided:

"I hereby give, devise and bequeath all of my estate, real, personal and mixed, IN TRUST, nevertheless for following named purposes and uses and benefits as hereinafter stated:

. . . . . . . . . . . . . . . .

"1. One-half of the net income, or the sum of $75.00 per month, whichever sum is the greater, shall be for the use and benefit and the maintenance of my step-son, WARD TRAVIS, for and during his lifetime.

"2. The remainder of the net income derived from said trust estate, after payment of the provisions hereinbefore made for the said WARD TRAVIS, shall be paid out and shall be for the use and benefit of HENRY DORNER and WINNIE DORNER, his wife, or the survivor of them, for and during the lifetime of the survivor of them.

"3. Upon the demise of all three of said persons, towit: WARD TRAVIS, HENRY DORNER and WINNIE DORNER, his wife, my said estate shall be liquidated and the corpus thereof I hereby give, devise and bequeath to the SHRINER's HOSPITAL of San Francisco, California, for the establishment of a Fund to be known as the GENEVA MAY BROWN and HARRY O. BROWN FUND, which said Fund shall be used by the said SHRINER's HOSPITAL for such purposes as in the discretion of the Directors of said Hospital will accomplish the greatest good in the relief of human misery.

"*Fourth*: For and during the lifetime of the said HENRY DORNER and WINNIE DORNER, his wife, or the survivor of them, they are hereby appointed as TRUSTEES to administer the Trust hereinbefore created.

"a. Upon the demise of the said HENRY DORNER and WINNIE DORNER, his wife, then the BANK OF AMERICA, N. T. & S. A. is hereby appointed TRUSTEE to administer the Trust hereinbefore created.

"b. In the event of the BANK OF AMERICA, N. T. & S. A. becoming the Trustee of said Trust, under the terms and conditions hereof, said Bank may use such sums as in its discretion may be necessary for the support and maintenance of the said WARD TRAVIS."

Appellant filed objections to the petition for distribution of the estate in accordance with the above quoted provisions of the decedent's will, contending (1) that the trust thereby attempted to be created was too indefinite as to objects, purposes, and beneficiaries and was, therefore, void and unenforceable, and, (2) that under the terms of the will more than one-third of the decedent's estate would go to a charitable organization

for a charitable purpose, namely, the Shriners Hospital of San Francisco, which would contravene section 41 of the Probate Code, which provides:

"No estate, . . . , may be bequeathed or devised to any charitable or benevolent society or corporation, . . . for charitable uses, by a testator who leaves a spouse, . . . , or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, . . . or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, . . . or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected."

Appellant argues that the will is clearly violative of said section since, so long as either Mr. or Mrs. Dorner survives Mr. Travis, only income from the trust could be spent and the entire principal would remain intact. That is true, but it is equally true that if both Mr. and Mrs. Dorner predeceased Mr. Travis, the trust then being freed of their demands thereon, the Bank of America National Trust and Savings Association, as the successor trustee, may at its discretion invade the corpus of the estate to provide necessary support and maintenance for Mr. Travis. In that event, the residue upon the death of Mr. Travis may be less than the allowable one-third which could be distributed to the Shriners Hospital. We cannot speculate as to which of the two contingencies may occur. What the proportionate value of the remainder will be cannot now be ascertained. Therefore, such determination may be properly deferred until such time as the future events upon which it is dependent occur. (Prob. Code, § 1120; *Estate of Campbell*, 175 Cal. 345, 351-352 [165 P. 931]; *Estate of Gorchakoff*, 108 Cal.App.2d 44, 46-47 [238 P.2d 121].) The trial court's decree, from which this appeal was taken, expressly reserved "jurisdiction to determine at

the termination of the intervening Life Estates, whether the amount of the then estate going to Charity is in excess of that permitted by law." In so decreeing the court did not commit error.

The appellant's contention that the trial court should have found that she was the sole heir of the testator and that she would be entitled to receive any portion of the estate which was in excess of the one-third which could be distributed to the Shriners Hospital is unfounded. Since it is presently impossible to determine whether or not appellant can ever take anything, the court acted within its discretion in reserving such matters for its future determination.

Likewise without merit is the alleged total invalidity of the bequest to the Shriners Hospital.

It was proved that the Shriners Hospital of San Francisco is owned and operated by the Shriners Hospitals for Crippled Children, a Colorado corporation, duly authorized to transact business in the State of California.

■ The Shriners Hospitals for Crippled Children, a Colorado corporation, which owns and operates the Shriners Hospital of San Francisco, would be a proper body to receive the bequest to that specific hospital. (Prob. Code, § 27; *Estate of Moeller*, 199 Cal. 705, 715-716 [251 P. 311]; *Estate of Scrimger*, 188 Cal. 158, 165-166 [206 P. 65].)

As stated in *Estate of McDole*, 215 Cal. 328, 333 [10 P.2d 75]:

"There are numerous instances where homes maintained by charitable corporations do not bear the exact name of the corporation holding title to the physical properties of the home. Incorporated lodges and fraternal organizations of nation-wide membership maintain homes for aged and indigent members at various places throughout the territory where lodges or chapters exist. Applying the rule for which respondent heirs contend, it would be necessary to hold that a bequest to the fraternal home at a certain place would fail because the corporate entity which maintained the home and held title to the property upon which it was operated did not include in its title either the word 'home,' or the name of the town where the particular home was located." (See also *Estate of Clippinger*, 75 Cal.App.2d 426 [171 P.2d 567].)

■ The status of the corporation is immaterial as " 'a charitable gift may be made to a non-charitable institution so long as *the purpose of the gift* remains charitable.' " (*Estate of Tarrant*, 38 Cal.2d 42, 47 [237 P.2d 505, 28 A.L.R.2d 419].)

The bequest herein for "the relief of human misery" is for a charitable use and is sufficiently certain.

The trial court correctly upheld the validity of the charitable trust.

The decree is affirmed.

Peek, J., and Schottky, J., concurred.