304

Estate of MATILDA E. PROCTOR, Deceased. ORTHO-
PAEDIC HOSPITAL, Claimant and Appellant, v.
SECURITY FIRST NATIONAL BANK, Petitioner and
Respondent; HELEN PROCTOR LINGO et al., Claim-
ants and Respondents.

Burris & Lagerlof, H. Melvin Swift, Jr., and William D.
Symmes for Claimant and Appellant.

No appearance for Petitioner and Respondent.

Bennett, Leonard & Adelman and Ben Adelman for Claim-
ants and Respondents.

HERNDON, J.—Orthopaedic Hospital appeals from a
decree determining the persons entitled to distribution of
decedent's estate. This decree avoids a charitable bequest to
Orthopaedic Hospital of a remainder interest in the dece-
dent's estate. As its sole assignment of error appellant
contends that "The trial court erred in presently determining
to whom the trust funds remaining at the death of the life

tenants shall be distributed and should instead have reserved jurisdiction to determine that question only at the termination of the intervening life estates.'' Such contention is without merit.

The decedent, Matilda E. Proctor, died on August 27, 1964, leaving a holographic will dated five days earlier which subsequently was admitted to probate. By the terms of this will decedent made certain small specific bequests and then directed that the remainder of her estate be converted into cash and divided into two equal shares to be held in trust. One trust was for the benefit of Mae A. Proctor, sister of decedent, and the other was for John Stevenson, surviving husband of a previously deceased sister of decedent. Each beneficiary was to receive $150 per month from his trust during his lifetime and upon his death the corpus of his trust would go to augment the corpus of the trust of the survivor who would continue to receive $150 per month during his lifetime. The will further provided that upon the death of the surviving life beneficiary the funds remaining in the trust estate were to go to appellant, a charitable corporation within the provisions of section 41 of the Probate Code.[1]

By their statements of interest filed herein Mae A. Proctor, decedent's sister, and Helen Proctor Lingo, daughter

[1]Section 41 of the Probate Code reads as follows:

''No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.

''Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substantial or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will.''

of decedent's predeceased brother, both contested appellant's right to receive the remainder interest specified in decedent's will by reason of its having been executed less than 30 days before the death of the testator. Since the undisputed facts necessarily invoked the provisions of section 41 of the Probate Code the trial court properly sustained contestants' position.

While the trial court's determination that upon the death of the survivor of the life beneficiaries the residue of the trust estate "shall go and be distributed, share and share alike, to the heirs or devisees of Mae A. Proctor and to Helen Proctor Lingo, if living at the time of death of the survivor of said beneficiaries, or to her heirs or devisees" might be a questionable declaration in so far as it affects the immediate rights of Mrs. Proctor and Mrs. Lingo, it presents nothing of which appellant may properly complain. We perceive no tenable basis for appellant's contentions on this appeal.

This is not a case involving that portion of Probate Code section 41 which defeats charitable bequests to the extent that they exceed one-third of the testator's estate. Therefore those decisions which deal with situations in which a decree of distribution must be postponed until the ultimate value of a charity's remainder interest may be computed are not in point. (Cf. *Estate of Hughes,* 202 Cal.App.2d 12 [20 Cal. Rptr. 475].) Whatever the sums, if any, that may actually be available for distribution upon termination of the life estates here involved, appellant has no right to any portion thereof in the face of the valid objections made by Mrs. Proctor and Mrs. Lingo.

There is no validity in appellant's theory that by postponing the determination of contestants' rights to object to the charitable bequest until after Mrs. Proctor's death, it would be placed in a position to defeat her claims as well as those of Mrs. Lingo if she failed to survive Mrs. Proctor. Since these qualified heirs *have made their election,* their claims of heirship are of the nature of vested property rights and would not be cut off by their subsequent deaths. (*Estate of Sanderson,* 58 Cal.2d 522, 526 [25 Cal.Rptr. 69, 375 P.2d 37].)

The decree is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 29, 1967.