[Civ. No. 811.   Fifth Dist.   Feb. 9, 1968.]

Estate of LINUS A. GOYETTE, Deceased.   JEAN C. IJAMS et al., Claimants and Appellants, v. DIOCESE OF MONTEREY-FRESNO EDUCATION & WELFARE CORPORATION et al., Claimants and Respondents.

W. A. Bloyd and Charles A. Zeller for Claimants and Appellants.

Andrews, Andrews & Thaxter and James F. Thaxter for Claimants and Respondents.

GARGANO, J.—Appellants, Andrew F. Ariey and Jean C. Ijams, are the nephew and niece of the decedent, Linus A. Goyette, and residual beneficiaries under his last will and testament. Respondents are charitable or benevolent societies and corporations also named as beneficiaries in the will. Appellants appeal from an order settling first account and for preliminary distribution.

There is no dispute as to the essential facts. Decedent, a widower, was not survived by parents or lineal descendants. His nearest surviving next of kin were two sisters and a brother. Appellants are the children of a surviving sister. Decedent died January 16, 1964, leaving a will which he executed less than six months but more than 30 days prior to his death. Under the will decedent left a substantial portion of his property in trust to a surviving sister and a nonrelative with the remainder over, upon the death of the survivor, to the respondents. The will leaves the residue of the estate to certain relatives (including appellants) in varying shares, and it does not contain a substitutionary clause in the event the chari-

table gifts should fail. In addition, the will contains an *in terrorem* clause which provides: "FIFTH: I have purposely made no provision herein for any other person, whether claiming to be an heir of mine or not, and if any person should claim to be an heir of mine and as such should assert a claim to my estate or any part thereof, or should any person whether a beneficiary under this Will or not mentioned herein, contest this Will or object to any of its provisions, then to such person or persons, I hereby give and bequeath the sum of ONE DOLLAR and no more, in lieu of the provision which I have made or which I might have made herein for such person or persons."

After the will was admitted to probate, the executrix filed a first account and petition for allowance of preliminary distribution. Appellants then filed an objection to the executrix's petition for preliminary distribution. They alleged that the gift over to the charities exceeded the limits prescribed by Probate Code section 41 and requested the court to make distribution of the excess according to the provisions of this section.[1] Respondents filed an answer to appellant's objection, asserting that appellants had violated the testator's *in terrorem* clause and hence could no longer object to the charitable gifts. The probate court, in a well-reasoned opinion, agreed with respondents and ruled that appellants had forfeited their interests in the residuary estate and could not ob-

[1]Probate Code section 41 provides: "No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.

"Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."

772

ject to the alleged excessive gift to the charities. The court then ordered preliminary distribution of the trust estate accordingly.

It is true, as appellants assert, that forfeiture clauses in wills are strictly construed. Even so, the scope of an *in terrorem* clause depends entirely on the language used by the testator and must be enforced according to his clearly expressed intent unless it violates some basic public or statutory policy. In other words, *in terrorem* clauses are not of themselves against public policy and may be used to prohibit any legal proceeding designed to thwart the testator's wishes (*Estate of Hite,* 155 Cal. 436 [101 P. 443, 17 Ann. Cas. 993, 21 L.R.A. N.S. 953]; *Estate of Holtermann,* 206 Cal.App.2d 460 [23 Cal.Rptr. 685]; *Estate of Howard,* 68 Cal.App.2d 9 [155 P.2d 841]). Thus, such clauses must be enforced according to their terms if clear and certain (*In re Kitchen,* 192 Cal. 384 [220 P. 301, 30 A.L.R. 1008]; *Estate of Miller,* 156 Cal. 119 [103 P. 842, 23 L.R.A. N.S. 868]). As our Supreme Court has stated: ''The rule that a forfeiture clause is to be strictly construed means simply that no wider scope is to be given to the language employed than is plainly required. It does not require the court to put a strained or overtechnical construction upon the language employed, ignoring the essence of the condition imposed upon the legacy and refusing to give effect to the lawful intention of the testatrix to enable a legatee to affirm a will so far as it is to her own profit and at the same time repudiate the validity of its provisions which are for the benefit of others. No artificial distinctions are to be taken advantage of or quibbling indulged in to the end that a person plainly and palpably coming within the scope of the forfeiture clause may by 'some hook or crook' escape the penalty of the forfeiture.'' (*In re Kitchen, supra,* 192 Cal. 384, 389-390.)

With these principles in mind, we are impelled to agree with the probate court's decision that appellants violated the *in terrorem* clause of decedent's will when they objected to the executrix's petition for preliminary distribution. They alleged in their objection to distribution that the gifts to the charities collectively exceeded one-third of the decedent's estate and, if granted, the petition for preliminary distribution would result in a violation of section 41 of the Probate Code. They also alleged that appellants were residuary legatees and devisees entitled to receive their proportionate share of the excess and prayed that distribution be had accordingly. Thus, it is manifest that appellants not only objected to certain testa-

mentary provisions contrary to the testator's directions but also sought to thwart his wishes by preventing distribution of his property in accordance with the plain language of the will. As the probate court aptly stated: "It would require a strained construction, indeed, to find that the document that they [appellants] have labeled Objection to Preliminary Distribution which is based entirely on their position that the testator cannot legally accomplish what he clearly tried to accomplish in his Will, is not an objection to one of the provisions of the Will and in violation of paragraph FIFTH thereof. The language of the Will and the actions of the objectors compels the conclusion that the objectors are entitled to $1.00 each and are not entitled to share in the residue of the estate."

Appellants argue that they were not objecting to any provision of the will but were merely seeking a construction of its provisions. This argument is completely untenable. Appellants did not ask for a construction of the language of the will. To the contrary, they unequivocally asserted that the testator left more than one-third of his property to charity and made it clear that they were only challenging the distribution of the excessive portion under Probate Code section 41. It is settled that gifts to charities which exceed the limits specified by Probate Code, section 41 are not void. They are merely voidable if challenged by certain designated relatives of the decedent (*Estate of Sanderson, infra,* 58 Cal.2d 522 [25 Cal. Rptr. 69, 375 P.2d 37] ; *Estate of Davison,* 96 Cal.App.2d 263 [215 P.2d 504] ). Thus, the obvious purpose of appellants' objection was to reduce the testamentary gift to respondents and to increase the amount of their share of the residue of the estate.

Appellants rely on *Estate of Miller,* 212 Cal.App.2d 284 [27 Cal.Rptr. 909], in support of their contention that they did not violate the *in terrorem* clause by objecting to the preliminary distribution. This case, however, is distinguishable. There the *in terrorem* clause was extremely limited in scope and only prohibited a "contest" of decedent's will. Accordingly, the court focused on this restrictive language when it stated: "The *in terrorem* clause provides the penalty of forfeitures as against anyone who '. . . shall contest in any court any of the provisions of this instrument. . . .' It will be noted that the clause appears to be narrower in scope than many similar provisions in other wills ; the key word is *contest* ; if the words employed by the testatrix refer only to a *contest* of the will, as distinguished from opposition to the effect of some pro-

vision of the will, it would be clear that the *in terrorem* clause could not be invoked against Miriam. 'Contest of a will' is a term of art, the connotation of which is made clear in the context of the appropriate Probate Code sections." (212 Cal.App. 2d at p. 296.) Significantly, in a subsequent appeal, the court further stated: "A 'contest' of a will may result in a forfeiture in California if the will contains a properly drawn *in terrorem* clause denouncing contests and providing for forfeiture in such circumstances. [Citations.]

"Much depends upon the phrasing and reach of the *in terrorem* clause even though such clause must be strictly construed." (*Estate of Miller*, 230 Cal.App.2d 888, 899-900 [41 Cal.Rptr. 410].)

█ We also agree with the probate court's decision that appellants necessarily forfeited their right to challenge the gifts to the charities simultaneously with their forfeiture of their residuary share. Hence, these gifts are valid even if it is assumed arguendo that they collectively exceed one-third of decedent's estate.

█ Probate Code, section 41 is not a mortmain statute; it does not automatically void charitable gifts which exceed its limits if the testator dies more than 30 days but within six months after making his will as in this case. The gifts are merely voidable to the extent that they collectively exceed the statutory limits (*Estate of Hughes*, 202 Cal.App.2d 12 [20 Cal. Rptr. 475]; *Estate of Moran*, 122 Cal.App.2d 167 [264 P.2d 598]; *Estate of Leymel*, 103 Cal.App.2d 778 [230 P.2d 48]; *Estate of Haines*, 76 Cal.App.2d 673 [173 P.2d 693]), and only if challenged by the members of a very limited class, certain specified relatives "who, under the will, or laws of succession, would otherwise have taken the property." Thus, the California Supreme Court has held that such gifts to charity are valid in their entirety if the will contains a substitutional clause which gives the property to a nonrelative if the intended gift to charity should fail either in whole or in part (*Estate of Sanderson, supra,* 58 Cal.2d 522). Under such circumstances, no one can challenge because no one can take the property given to charity either under the laws of succession or under the will itself.

█ Manifestly, appellants are relatives of the decedent within the group specified by Probate Code, section 41. Moreover, as the testator's residual beneficiaries they were initially entitled to their proportionate share of any gift which lapsed or failed in whole or in part. Thus, with nothing more in the

will appellants would have been entitled to challenge the excessive gift to charity as persons within the limited class. However, the residual gift that decedent made to appellants under his will was not unconditional or absolute. To the contrary, it was made upon the condition that appellants would not object to the remaining provisions of the will or in any way attempt to thwart his wishes. Appellants chose to disregard the condition and to ignore the testator's wishes. By doing so they forfeited their residuary interest and received a specific bequest of $1 each. Consequently, they are no longer residual beneficiaries and cannot challenge the charitable gifts as persons who would otherwise have taken the property under the will. And, since they are not the testator's immediate heirs (they are the children of decedent's surviving sister), appellants cannot even challenge the charitable gifts as persons who would otherwise have taken the excessive charitable gift under the laws of succession.

Appellants rely on the *Estate of Munson,* 164 Cal.App.2d 146 [330 P.2d 302], and *Estate of Holtermann, supra,* 206 Cal. App.2d 460 [23 Cal.Rptr. 685], and apparently suggest that an *in terrorem* clause is against public policy when utilized to defeat the objects and purposes of Probate Code section 41 by validating excessive gifts to charities. We do not agree with appellants' suggestion, nor do we believe that the objects and purposes of section 41 are defeated in this case if the probate court's judgment is affirmed. Decedent was not obligated to name appellants in his will. And, as we have demonstrated, if he had not done so, or even if he had restricted their gifts to specific bequests or used an appropriate substitutional clause in connection with the charitable gifts, appellants would have had no claim against decedent's estate, not even if he had left all of his property to charity. Thus, to in effect hold that decedent could not make his residual gift to appellants conditional through the use of an *in terrorem* clause would not only place a premium on draftsmanship but would be illogical and unrealistic. In other words, it would be absurd to hold that the *in terrorem* clause of decedent's will defeats the objects and purposes of Probate Code section 41 when it is absolutely clear that decedent could have legally accomplished the same result if he had made no provision whatsoever for appellants in his will, or if he had made general or specific nonresiduary gifts to appellants or if he had used a substitutional clause, giving the property that he left to charities to someone other than appellants if the gifts failed for whatever reason.

The cases relied upon by appellants are clearly distinguishable. In *Munson* the contestant was the legal heir of the decedent under the laws of succession. The court assumed that by his contest the heir lost his right to take under the will but allowed him to take the excess of the gift to charity as an heir who otherwise would have taken under the laws of succession since the will did not contain a substitutional clause. Likewise, in *Holtermann* the objection was made by an heir at law. Significantly, the court stated: ''Therefore, while we find that the appellant cannot take under the provisions of the will by virtue of the no-contest clause, the testator cannot rewrite sections 41 and 43 of the Probate Code to prevent appellant from exercising her right to take as an heir of the proper designated class any excess over the amount allowed by those sections.'' (206 Cal.App.2d 460, 473.) Thus, both cases simply hold that an *in terrorem* clause is ineffective to preclude an heir from claiming under the laws of intestacy even though he may have forfeited his rights under the will. However, they clearly indicate that *in terrorem* clauses are effective to prevent heirs or other relatives from objecting to gifts to charities as persons who ''would otherwise have taken'' under the will itself. Hence, these cases are contrary, rather than favorable, to appellants' position.

Appellants' final contention that respondents have also forfeited their right to take under the will under the *in terrorem* clause by resisting appellants' objection to the preliminary decree of distribution is so devoid of merit that no further comment is necessary.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 4, 1968.