[Civ. No. 42041. First Dist., Div. Four. Jan. 31, 1978.]

Estate of JOHN E. BOSE, Deceased.
CROCKER NATIONAL BANK, as Trustee, etc.,
Petitioner and Respondent, v.
ALICE K. COHICK et al., Claimants and Appellants;
SAN FRANCISCO LIGHTHOUSE FOR THE BLIND et al.,
Claimants and Respondents.

**COUNSEL**

Rawlins Coffman for Claimants and Appellants.

No appearance for Petitioner and Respondent.

Bradley & Burns and John L. Bradley for Claimants and Respondents.

**OPINION**

**CHRISTIAN, J.**—This appeal challenges an order by which Crocker National Bank was given instructions as testamentary trustee under the will of John E. Bose, deceased, and the final account of the trustee was settled.

John E. Bose executed his last will on March 10, 1959. He died, unmarried and without issue, more than one month but less than six months after that date. He was survived by a cousin (Henrietta Bose) and three nieces and a nephew (Mildred Bose Smith, Alice Bose Cohick, Olga

Bose Hicks and Martin C. Bose). Alice, Olga, Martin and the heirs-at-law of Mildred are the present appellants. Under the will, the residue of the estate was left in trust to Henrietta for life, with the remainder (except for three cash bequests) to go on her death in equal shares to four named charities, now respondents.

In January 1960, Mildred petitioned for an order to establish heirship under Probate Code section 41.[1] In the decree establishing heirship, the court determined that (1) the three nieces and nephew qualified under section 41 "to take share and share alike" that part of the estate in excess of the one-third limitation on respondents, (2) "all questions of final distribution of proceeds of the testamentary trust cannot be determined under Section 41 . . . until the termination of said testamentary trust," and (3) "upon the termination of the testamentary trust . . . this Court shall determine . . . the rights, if any, of [respondents], and those rights, if any, of the nieces and nephew of John E. Bose, . . ."

Probate Code section 41 was repealed in 1971, effective March 4, 1972. Henrietta died on December 7, 1975, and the trustee thereupon took steps to terminate the trust. The present appeal followed.

Appellants point out that they asserted their rights to heirship under Probate Code section 41 before that enactment was repealed. Thus, they argue that their rights in the estate vested upon the filing of the decree establishing heirship; citing *Estate of Taylor* (1973) 33 Cal.App.3d 44 [108 Cal.Rptr. 778], they claim that the subsequent repeal of section 41 cannot destroy those rights. Respondents, citing *Estate of Hughes* (1962) 202 Cal.App.2d 12 [20 Cal.Rptr. 475], contend that appellants' rights to

---

[1]Section 41 of the Probate Code, now repealed (Stats. 1971, ch. 1395, § 1), read in part as follows: "No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected. . . ."

inherit under section 41 could not vest unless and until the life beneficiary died while there were still assets in the trust; consequently, respondents argue, the repeal of section 41 while the life beneficiary was still alive destroyed the rights claimed by appellants.

In *Taylor*, the decedent's will provided that his estate should go to a named charity. The decedent died while Probate Code section 41 was still in effect, but the repeal of the section became effective before the will was admitted to probate. After probate of the will, decedent's son petitioned for a decree determining interests in the estate. The court denied the son's request, under section 41, to void two-thirds of the charitable bequest: "Since the rights under section 41 of the Probate Code are inchoate and may be waived, it follows that these incipient rights cannot be considered as vested before they are actually asserted by the heir." (33 Cal.App.3d at p. 48.) Appellants contend that their "inchoate incipient rights *were not waived,* they were asserted and must be considered as vested." (Original italics.) Appellants rely upon Probate Code section 1082[2] to preserve their claimed rights in spite of the repeal of section 41.

A related issue was considered in *Estate of Hughes, supra,* 202 Cal.App.2d 12. There, the court addressed the "question whether the right to a duly claimed excess over the permissible amount devisable under section 41 of the Probate Code vests an interest in the heir which survives the heir's death . . . ." (202 Cal.App.2d at p. 16.) Decedent left his estate in trust to a friend for life, and the remainder to certain charities. Decedent's sister filed a claim as sole heir under section 41 to two-thirds of the charitable bequests. In the decree of final distribution, the court "reserved jurisdiction to determine at the time of [the termination of the trust] 'to whom and in what proportions the assets of the . . . trust shall be distributed,' . . ." (202 Cal.App.2d at p. 14.) The trustee then petitioned to partially distribute the trust funds to a certain charity under the *cy pres* doctrine. As to this petition, the court decreed that the " '. . . trust monies be retained in the trust until the death of either the sole surviving heir, . . . or the life tenant, . . .' " (202 Cal.App.2d at p. 15.) Because the sister's interest would be destroyed if she predeceased the life tenant, the court implicitly ruled that her interest did not vest until the time of possession. The appellate court stated: "We proceed, then, to the principal problem, namely whether, as

[2]Section 1082 of the Probate Code reads as follows: "When such decree becomes final it shall be conclusive upon the matters determined during the remainder of the administration of the estate and upon any subsequent proceeding for distribution."

respondents claim, the right to contest bequests or devises which may prove to be excessive is a personal right which, although timely asserted by a member of a preferred class under the statute, ceases with the death of the claimant, in a case where possession of the corpus has been postponed by a life estate, or, as appellants contend, the right is of such real and permanent character that, once duly asserted, it may in itself be bequeathed by will of the claimant or inherited if the claimant dies intestate or assigned during the claimant's lifetime. We have come to the conclusion that the first of these solutions is the correct one." (202 Cal.App.2d at pp. 16-17.) The court reasoned that a right asserted under section 41 does not vest at that time but is only preserved:

"It seems right that although the claim must be asserted promptly in order to preserve it (*Estate of Bunn, supra* [33 Cal.2d 897 (206 P.2d 635)]), choice should still be reserved to the claimant *alone,* when the time comes, if it ever does, when the charitable donations actually do exceed the one-third. If the heir survives the trust, she may then decide, because of the character of the estate at that time, because of the nature of the charities, or because of her own condition of health or of finances, either to press her claim or to waive it. This quite personal decision is referred to in *Estate of Bunn, supra,* at page 901, and in cases collected in 154 American Law Reports 689-691.

"If the heir dies before she could have exercised her claim, she will not have been able to assign or devise this personal and waivable claim, for we do not think that the law intends to make it a transferable, devisable and valuable right." (202 Cal.App.2d at p. 18.) ▮ Appellants asserted their claims before section 41 was repealed, and thus preserved their "rights, if any" under that statute. But as respondents point out, those rights could not be "perfected" until the termination of the trust. Because the repeal of section 41 became effective before the trust terminated, it must be concluded that the rights claimed by appellants never vested.

As the court stated in *Estate of Taylor, supra,* 33 Cal.App.3d at page 50: " 'Where a right is created solely by a statute, and is dependent upon the statute alone, and such right is still inchoate, and not reduced to possession, or perfected by final judgment, the repeal of the statute destroys the remedy, unless the repealing statute contains a saving clause.' (*Napa State Hospital* v. *Flaherty* (1901) 134 Cal. 315, 317 [66 P. 322]; see *People* v. *One 1953 Buick* (1962) 57 Cal.2d 358 [19 Cal.Rptr. 488, 369 P.2d 16].)"

Appellants' argument that their rights were perfected in the decree establishing heirship, and were so preserved under Probate Code, section 1082, is also unavailing. Responding to Mildred's 1960 petition to determine heirship, the court decreed "that all questions of final distribution of proceeds of the testamentary trust cannot be determined under Section 41 of the Probate Code of the State of California until the termination of said testamentary trust; . . ." In addition, the "rights" of appellants established in the decree were qualified by the language "if any" inserted by the judge. It is clear that the decree establishing heirship did not confer vested rights upon appellants. Therefore, section 1082 was ineffective to preserve appellants' rights beyond the repeal of section 41.

Affirmed.

Caldecott, P. J., and Ragan, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was·denied April 13, 1978. Bird, C.J., was of the opinion that the petition should be granted.·

---

*Assigned by the Chairperson of the Judicial Council.