## In the Matter of the Estate of HERMAN FROEB, Deceased.

Surrogate's Court, Queens County, July 16, 1931.

*Gross & Keck*, for the petitioner.

*Thomas P. deGraffenried*, special guardian.

HETHERINGTON, S. Herman Froeb by his will dated October 23, 1918, left a legacy of $100 to his son Cornelius and the balance of his real and personal estate to his wife. Subsequent to the making of the will, two children were born, named Charles H. and Herman, Jr.

The testator died on February 15, 1926, survived by his wife and the aforesaid three children. In due course his will was admitted to probate and letters testamentary issued on March 20, 1926, to his widow, who now petitions that the same be so construed as to vest title in her, to the exclusion of the two post testamentary children, to all her husband's real and personal estate, save the legacy of $100 given to her son Cornelius.

It being conceded that the two children born after the making of the will are neither provided for, nor in any way mentioned

therein, the construction sought cannot be decreed if the testator died leaving them unprovided for by any settlement.

The petitioner claims that they have been provided for by settlement made by the decedent in his lifetime. In support of her contention she has offered proof which is not controverted that on October 7, 1923, November 7, 1923, and November 8, 1923, the testator purchased three policies of life insurance for the following amounts: $50,000, $25,000 and $3,000, which were made payable on his death to his sons Cornelius and Charles H., equally, or to the survivor of them. On October 28, 1924, and subsequent to the birth of Herman, Jr., on August 9, 1924, the beneficiaries named in the policies were changed so as to include Herman, Jr., and the proceeds thereof were then made payable to the three children equally, or to the survivor.

On October 29, 1924, upon the application of the testator, the insurer issued three " Interest Income Trust Agreements." Each agreement covered one-third of the proceeds of the three policies. One was for the benefit of the son Cornelius, another for the benefit of the son Charles H. and a third for the benefit of the son Herman, Jr. The agreements were alike, and each provided that one-third of the proceeds of the three policies should be held by the insurer as trustee, that the income thereof should be paid, until the son for whom it was set apart became thirty-eight years of age, to the insured's wife, if living, or if she be deceased, to the son for whom the trust agreement was made, if living, until the son named therein became thirty-eight years of age or until the prior death of said son, and that upon the termination of said interest payments, the insurer would pay the amount then retained in trust to each son, if living, or if he be deceased, to his estate. Each trust agreement contained the following provision: " Provided further, that after the maturity of said policies by the death of the insured, the company will thereupon pay to said son, ten-twenty-sixths or ten-sixteenths, respectively, of the amount then retained in trust, together with any accrued interest thereon, according as he shall attain the age of thirty-two or thirty-five years, interest on any such payments from the amount retained in trust thereupon to cease."

After the death of the insured the insurer retained the proceeds of the three policies amounting to $78,350.22, and divided it into three equal shares of $26,116.74 pursuant to the aforesaid trust agreements. It thereupon issued three certificates of trust reciting that it held the said sum of $26,116.74 in trust, and that it would pursuant to the trust agreement and certificate of trust pay to the wife of the insured the interest on the said sum so held in trust, if living, or if she be deceased, to the son for whom such trust was

set apart until he became thirty-eight years of age with provision for the payment of $10,044.90 to each son as he became thirty-five years of age and the balance as each son became thirty-eight years of age.

On November 8, 1923, the testator took out a policy of life insurance for $20,800 which was made payable to his wife as beneficiary. On October 29, 1924, upon application by the testator, the insurer issued a so-called "Installment Trust, with Annuity Agreement" covering the proceeds of the aforesaid policy, under the terms of which it agreed to pay from the principal and income of such trust to the insured's wife, 120 monthly installments of $200 each, provided that, should she not live to receive any or all of said 120 installments, any of said installments due after her death would be paid as they fell due to Cornelius, Charles H. and Herman, Jr., the sons of the insured, in equal shares, and to the survivors or survivor of them, with provision made to cover the event of the death of all three sons before full payment of all of the installments.

On October 21, 1924, the testator took out another policy of life insurance for $18,790, payable to his wife as beneficiary. On October 29, 1924, upon application by the testator, the insurer issued an "Installment Trust Agreement" which provided that the proceeds of the policy should be held by the insurer as trustee, and that it would pay from the principal and income of such trust fund to the insured's wife 252 monthly installments of $100 each, and that if she did not live to receive any or all of said 252 installments, any of said installments due after her death would be paid as they fell due to Cornelius, Charles H. and Herman, Jr., sons of the insured, in equal shares, and to the survivors of them, with provision made in the event of the death of all three sons before full payment of all of said installments. On February 27, 1926, certificates of trust were issued by the insurer obligating it to carry out the terms of the aforesaid installment trust agreements.

Each child or his estate, by the foregoing disposition of the testator's insurance, definitely and with certainty receives the sum of $26,116.74 and the income thereon if his mother, the petitioner, should die before them, together with the possibility of sharing equally in the proceeds of the other two policies providing for monthly payments, in the event of her dying before all the payments have been made.

The only question here presented is whether or not the foregoing disposition made by the testator of his insurance constitutes a "settlement" within the meaning of section 26 of the Decedent Estate Law, which provides as follows: "Whenever a testator

shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

It is to be noted that under the statute an after-born child only takes an intestate share of the parent's estate where such child is " unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will."

While there are several cases construing the statute in so far as " provision " and " mention " are concerned, there is a paucity of judicial utterance on the nature and extent of the " settlement " which will bar an after-born child from taking his statutory share.

In construing the statute it is necessary to study it as a whole, bear in mind its object, and give due consideration to the interpretation of the words " provision " and " mention."

In *McLean* v. *McLean* (207 N. Y. 365, 371, 373) Judge HISCOCK, in discussing the object of the statute and its requirements of " mention " or " provision," says: " The fundamental object of the statute which has been quoted is to guard and provide against such testamentary thoughlessness and lack of vision as prevent a testator from contemplating the possibility of after-born children and taking such possibility into account in framing a scheme for the testamentary disposition of his property.  *  *  *

" Inasmuch as the legislature has permitted a testator to meet the possibility of after-born children by mention or provision, and inasmuch as it has been held that ' mention ' may be made through a very general provision, it would be somewhat idle if not inconsistent to hold that in order to be effective as a ' provision ' a bequest or devise must be vested, certain and adequate."

In harmony with the foregoing opinion a contingent remainder gift has been held to constitute a sufficient " provision " for an after-born child within the meaning of the statute. (*Matter of Jones*, 134 Misc. 26.)

Confronted with these holdings, the question resolves itself into determining whether or not the same or a different test should be applied in interpreting the meaning of the words " any settlement." The statute does not define the nature or extent of the settlement. It is silent as to whether it should be reasonable or

adequate.   If the Legislature intended to dictate to or restrict a parent as to the nature of the settlement, it would have used a more definite term than " any settlement."   "Any " as used in the statute is synonymous with some, which is the word employed in section 35 of the Decedent Estate Law.   While it has interfered in favor of the surviving spouse, a testator still has the power to decide whether anything, and, if so, how much and in what form, should be given to after-born children.

I am, therefore, of the opinion that the statute does not exact any requirement that the " settlement " should be of any particular kind, or that it should be such as would be thought by the courts to be adequate.   In my judgment the statute is complied with when a testator has done an act indicating an intention to make future provision, outside of the will, for an after-born child. The testator here has not overlooked his two after-born children, but on the contrary, has made a substantial settlement for each of them by way of his insurance.   (*Matter of Brant*, 121 Misc. 102.) I, therefore, hold and decide that the two after-born children were provided for by the testator by settlement, and the petitioner may, therefore, take a decree that they are not entitled to succeed to any part of his property, and that she is solely entitled to the possession and title to the balance of his real and personal property.

Proceed accordingly.