[Civ. No. 15184. Second Dist., Div. One. July 2, 1946.]

Estate of CANDACE HALE, Deceased. HELEN HALE HILL, Respondent, v. ROBERT C. HALE et al., Appellants.

Andrew J. Copp, Jr., and J. Dexter McKay for Appellants.

John H. Mathews and Ray W. Bruce for Respondent.

YORK, P. J.—On April 11, 1945, Helen Hale Hill, as executrix and sole beneficiary of the last will and testament of Candace Hale, deceased, filed her first and final account and petition for distribution of the estate of said decedent. Thereupon contestants, all of whom are grandchildren of decedent, filed their petition for determination of heirship, alleging that said will omitted to provide for them; that it did not appear therefrom that such omission was intentional, and

that therefore each of them was entitled to an "undivided 1/15th interest in and to all of the property left by said Candace Hale, deceased, at the time of her death"; pursuant to section 90 of the Probate Code which provides:

"When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate."

The two petitions were consolidated for hearing, and on July 20, 1945, the court rendered its findings, judgment and order settling final account and decree of distribution by which it was adjudged that said grandchildren had been provided for by a settlement, to wit: A declaration of trust dated May 3, 1929; that they were not pretermitted heirs and that they were not entitled to any part of the estate which was ordered distributed to Helen Hale Hill, the daughter of decedent.

This appeal is prosecuted by said grandchildren from that portion of said order settling final account and for distribution hereinabove referred to.

In their opening brief appellants limit the issues on appeal to a determination as to "whether or not appellants have been provided for by any settlement within the meaning and intent of the provisions of section 90, Probate Code."

The appeal is presented upon a settled statement of facts from which it appears that testatrix during her lifetime, on May 3, 1929, transferred certain of her real and personal property to the Citizens National Trust and Savings Bank, in trust, for the benefit, among others, of her then living children, one of whom was Claude F. Hale, father of appellants. At the date of the death of testatrix and thereafter, the trust property had a reasonable value of $150,000. The declaration of trust was introduced in evidence by stipulation and it appears therefrom that at the time Mrs. Hale executed the trust she was a widow and had three living children: Claude F. Hale, Winfield Hale and Helen Hale Hill, together with certain grandchildren, who were the then living issue of said children.

Claude F. Hale died on November 25, 1935, Winfield Hale having died previously. At the time of her death on October 23, 1943, testatrix was survived by her daughter, Helen Hale Hill, respondent here, and several grandchildren numbered among whom were appellants, the children of Claude F. Hale. The last will and testament admitted to probate was dated June 23, 1941, by the terms of which she devised and bequeathed her entire estate to her daughter, Helen Hale Hill, without mentioning any of her grandchildren.

The declaration of trust, insofar as it concerns appellants, provides that ''the entire net income received or derived from the trust estate and available for distribution hereunder shall be, by said Trustee, paid either monthly or quarterly to Candace Hale, Trustor, for and during her natural life.'' Also, that following her death, ''After the setting aside of one-third (⅓) of the entire trust estate for charities . . . and after the payment of the bequest and creation of the trust funds from the remaining two-thirds (⅔) of the trust estate . . . all of the then remaining trust estate in the hands of said Trustee shall be held in trust for the three children of Trustor, Claude F. Hale, Winfield Hale and Helen Hale Hill.

''1—The entire net income received and derived from this part of the trust estate shall go and be by said Trustee paid in equal monthly installments as follows, to wit:

''(a)—One-fifth (⅕) of said net income to Claude F. Hale, son of Trustor, for and during his natural life; upon the death of Claude F. Hale, one-third (⅓) of said entire net income shall go and be paid by said Trustee in equal monthly installments to his children, share and share alike, and to the children of any deceased issue of the said Claude F. Hale per stirpes and by right of representation until the termination of this trust; and in the event that the said Claude F. Hale should die without leaving issue or descendants him surviving, then the income to which he or his descendants would be entitled, if living, shall go and be paid to the other two (2) children of Trustor, Winfield Hale and Helen Hale Hill, share and share alike, and to the issue of either per stirpes and by right of representation until the termination of this trust estate.'' Then follow provisions with respect to the shares of Winfield Hale and Helen Hale Hill.

Said declaration of trust then provides: ''2—Upon the death of the survivor of the said Claude F. Hale, Winfield

Hale and Helen Hale Hill, Children of Trustor, this trust estate created for their benefit shall ipso facto cease and determine, and the entire principal and any undistributed income thereon shall go and be by said Trustee transferred, assigned and delivered, in cash or in kind as follows, to-wit:

"(a)—One-third (⅓) thereof to the issue of Claude F. Hale, share and share alike, and to the children of any deceased issue of Claude F. Hale per stirpes and by right of representation; in the event that the said Claude F. Hale should die without leaving issue or descendants him surviving, then to his heirs-at-law according to the Laws of Succession of the State of California; provided; that at the time of said distribution all of the children of Claude F. Hale have attained the age of thirty (30) years, and in the event that any of the children of the said Claude F. Hale at the time of such termination should not have attained the age of thirty (30) years, such child's share of the trust estate shall remain in trust until he or she shall have attained the age of thirty (30) years, at which time the Trustee shall transfer and set over to such child his or her respective share as his or her absolute property. . . .

"(d)—Anything herein contained to the contrary notwithstanding, this trust shall ipso facto cease and determine upon the death of the survivor of Claude F. Hale, Winfield Hale and Helen Hale Hill, Children of Trustor, and all of their issue, being grandchildren of Trustor, who are living and in being at the date of the creation and execution of this Declaration of Trust."

The only testimony adduced at the hearing was that of appellant Robert C. Hale, who testified that he was the brother of the other appellants, and the son of Claude F. Hale; that he and his four sisters "knew nothing of the execution of the declaration of trust by our grandmother Candace Hale on the 3rd day of May, 1929. We were not any of us consulted by our grandmother about its terms or provisions and we first heard of this declaration of trust only comparatively recently, about the 23rd of October, 1943. So far as my four sisters and I know, our grandmother Candace Hale did not at the time she executed that declaration of trust on May 3, 1929, or at any time thereafter declare that the contingent provisions and benefits of the trust for my sisters and myself were either an advancement or a settlement"; that they had never seen any writing signed by their grandmother in which she declared her intention as to whether the benefits of the

trust were a gift or advancement or settlement; that they had never received any sum of money or benefit from such trust; that they never consented to accept the benefits under the trust as a settlement; had no knowledge that it ever was the intention of their grandmother "to restrict the gift of the benefits under the trust so as to change same to a settlement or advancement or in any other way to qualify the natrue of her act of May 3, 1929; that said witness had no knowledge at any time that it was his grandmother's intention to disinherit "my four sisters and myself so that we would not be entitled to receive our share of her estate as pretermitted grandchildren"; and had no knowledge concerning the execution of her will of October 31, 1933, or of her last will of June 23, 1941.

Appellants contend that the absence of evidence of decedent's intention to provide for her grandchildren by settlement compels the conclusion that a gift and not a settlement was intended by the declaration of trust of May 3, 1929. In this connection, appellants direct attention to the terms of decedent's first will of October 31, 1933, by which she made equal provision for the distribution of her estate to her then living children, Claude F. Hale and Helen Hale Hill, and to the issue of her deceased son, Winfield Hale; urging that, since decedent on May 3, 1929, and October 31, 1933 "clearly intended to treat her heirs at law equally and to divide her estate between them on equal terms," therefore the will of June 23, 1941, "did not have the effect of converting the gifts in trust under the declaration of trust into a settlement under provisions of section 90, Probate Code, nor have the legal effect of altering the terms and conditions of the gifts in trust under the Declaration of Trust."

The intention of the trustor when she made the declaration of trust must be ascertained from the trust instrument itself. An examination of that document reveals that she had appellants in mind at that time and that she made substantial provision for them. Since the trust was irrevocable, she was thereafter powerless to change it by will or otherwise, because her will could only operate on property not included in the trust. On the other hand, the declaration of trust did not prevent decedent from disposing by her will of such property as was not included in the trust.

This court's attention has been directed to but one California case which contains language defining the word "set-

tlement," i. e.: *Nichols* v. *Emery*, 109 Cal. 323 [41 P. 1089, 50 Am.St.Rep. 43], where a father deeded his real property to his son, in trust for the benefit of his five children, including the trustee, the trustor reserving the right to the use of the property for his life, as well as the right to revoke the trust. It was there held at page 332: "The deed being a voluntary settlement for the settler's children, and being fully executed, does not require other consideration for its support than that of parental affection and duty."

Settlement is defined in 57 Corpus Juris 532, section 3, as ". . . the conveyance of any estate for the benefit of some person or persons; the conveyance of property or the creation of estates therein to make future provision for one or more beneficiaries; the disposition of property for the benefit of some person or persons; usually through the medium of trustees. . . ." (Citing *In re Brant's Estate*, 121 Misc. 102 [201 N.Y.S. 60].) In the cited case, the surrogate court had before it a will by which the testator devised his entire estate to his widow, who survived him together with a son born some years after the execution of the will. Section 26 of the Decedent Estate Law of New York State provides:

"Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so afterborn, *unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will,* every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will." (Emphasis added.)

Quoting from the opinion in the Brant case: "The son, John Brant, was 'neither provided for nor in any way mentioned in such will.' Consequently, the inquiry is, was he left 'unprovided for by any settlement?' Jessup-Redfield Practice (paragraph 1203) referring to the case of *Stachelberg* v. *Stachelberg*, 124 App.Div. 232, 108 N.Y.S. 645, affirmed 192 N.Y. 576, 85 N.E. 1116, says: 'It appears from this case that the settlement referred to in the statute is one outside of the will and that proof is admissible before the surrogate on the question of whether or not such settlement has in fact been made.'. . .

"It seems to me that the word 'settlement' as used in section 26 of the Decedent Estate Law, means 'to provide for,' or 'to make provision for,' and that is the interpretation I give of it. In *McLean* v. *McLean*, 207 N.Y. 365, 373, 101 N.E. 178, 180, Judge Hiscock, writing the opinion of the court, says: 'In construing the statute, we are to study it as a whole, and we are justified in interpreting one of its alternative requirements somewhat by reference to the meaning of the other. Inasmuch as the Legislature has permitted a testator to meet the possibility of after-born children by mention or provision, and inasmuch as it has been held that "mention" may be made through a very general provision, it would be somewhat idle if not inconsistent to hold that in order to be effective as a "provision" a bequest or devise must be vested, certain and adequate.' If a testator fails to provide for after-born children, provisions may nevertheless be made outside of a will by way of settlement. . . . There is nothing in the section to indicate the character of settlement necessary in order to comply with or fulfill the requirements. . . .

"The evidence submitted by the petitioner shows that Harry S. Brant had taken out insurance upon his life and had made his son, John M. Brant, sole beneficiary in several of these policies. . . . All of the above-mentioned policies were in full force and effect at the time of testator's death, and provided for the payment of the principal sum of $34,000 to said son. There is no proof tending to show that the testator left the son unprovided for by any settlement. On the contrary, it does appear that the son was not overlooked by the father, and that provision was made for him by way of insurance."

This interpretation of the word "settlement" has been followed by the New York State courts for many years. *In re Hagendorn's Will*, 41 N.Y.S.2d 491, decided in 1943, was a case in which the testator, a lawyer, died in 1942 survived by his widow and a son, leaving a will dated November 1, 1920, in which he named his widow sole legatee, devisee and executrix. His son, born after the making thereof, was neither mentioned nor provided for therein, it appearing, however, that the testator on February 1, 1929, took out two policies of life insurance in which he named his wife as beneficiary. On February 17, 1940, decedent executed what is termed a "special settlement request and revocation of previous beneficiaries," by virtue of which the proceeds of the policies be-

came payable to the son if he attained the age of 16 years upon his father's death. The widow sought a determination that the provision, by way of insurance, made by the testator in his lifetime for the benefit of his son constituted a ''settlement'' for him within the terms of section 26 of the Decedent Estate Law. It was there held that ''the provision by way of insurance, made by the testator for his afterborn son was a sufficient compliance with the statutory requirement, and that he has no right to an intestate share of his father's estate. *Matter of Brant's Estate,* 121 Misc. 102, 201 N.Y.S. 60; *Matter of Froeb's Estate,* 143 Misc. 660, 257 N.Y.S. 851; and *Matter of Backer's Estate,* 148 Misc. 318, 266 N.Y.S. 47.''

▮ In the light of the reasoning set forth in the decisions hereinbefore cited, it would appear that the trust in which appellants are named as the issue of Claude F. Hale and provided for in a substantial amount, constitutes a settlement within the intent and meaning of section 90 of the Probate Code.

▮ Appellants further argue that, because that portion of the trust which provides for a group other than appellants violates the rule against perpetuities, the trust created for the benefit of appellants is also void. However, the saving clause appended to that part of the indenture providing for appellants validates the trust created for their benefit, irrespective of the validity or invalidity of other portions of the trust. Such clause reads: ''Anything herein contained to the contrary notwithstanding, this trust shall *ipso facto* cease and determine upon the death of the survivor of Claude F. Hale, Winfield Hale, and Helen Hale Hill, Children of Trustor, and all their issue, being grandchildren of Trustor, who are living and in being at the date of the creation and execution of this Declaration of Trust.'' In this connection see *Estate of Micheletti,* 24 Cal.2d 904 [151 P.2d 833].

For the reasons stated, that portion of the order appealed from is affirmed.

Doran, J., and White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 29, 1946. Shenk, J., and Carter, J., voted for a hearing.